(71 South. 191)

No. 21777.

STATE v. MATASSA.

(March 6, 1916.)

*(Syllabus by the Court.)*

CRIMINAL LAW ☞1134(4)—APPEAL—JURIS-DICTION.

This court, having no jurisdiction of questions of fact pertaining to the guilt or innocence of the defendant in a criminal prosecution, cannot reverse the ruling of the trial judge on a motion for a new trial, where the bill of exceptions does not present a distinct question of law.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2587, 2653, 3056, 3067–3071; Dec. Dig. ☞1134(4).]

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Joe Matassa was convicted of retailing intoxicating liquor, and appeals. Affirmed.

Scheen & Blanchard, of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., Wm. A. Mabry, Dist. Atty., and S. I. Foster, Asst. Dist. Atty., both of Shreveport (G. A. Gondran, of New Orleans, of counsel), for the State.

O'NIELL, J. The appellant was convicted of retailing intoxicating liquor without having a license.

The record does not contain a bill of exceptions nor an assignment of errors. A motion was made for a new trial in the district court on the ground that the state's witnesses were unworthy of belief, and that the verdict was therefore contrary to the law and the evidence; but the defendant did not reserve a bill of exceptions to the overruling of his motion. If he had excepted to the ruling, the bill would not present a question of law, but questions exclusively within the jurisdiction of the district court. The jurisdiction of this court, in criminal cases, extends only to questions of law.

In the brief filed on behalf of the appellant, complaints are made of proceedings of which the transcript contains no record whatever and of which we cannot take notice.

The verdict and sentence appealed from are affirmed.